*** Electronically Filed ***
Erika Hailes
5/16/2013 9:11:00 AM
Filing ID 5253664

Marshall A. Martin, Esq. #010055
LAW OFFICES OF MARSHALL A. MARTIN
8930 East Raintree Drive, Suite 100
Scottsdale, AZ 85260
(480) 444-9980
Facsimile: (480) 308-0015
Email: marshall.martin@azbar.org
Attorney for Plaintiff

**EXHIBIT A**

IN THE SUPERIOR COURT STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Melissa Jones, Jeanine Johnson, Kathleen O'Boyle and Cathy Sar, | ) ) ) |
| Plaintiffs, | ) Case No. CV2013-050614 ) |
| v. | ) AMENDED COMPLAINT ) (Fair Labor Standards Act) |
| Hospice Family Care, Inc., a Delaware corporation; | ) ) (Jury Trial Requested) ) |
| | ) ) |
| _____ Defendants | ) ) |

Plaintiffs, by and through their undersigned counsel, hereby allege for their Complaint as follows:

1. That Plaintiff, Jeanine Johnson (hereinafter "Ms. Johnson"), Melissa Jones (hereinafter "Ms. Jones"), Kathleen O'Boyle (hereinafter "Ms. O'Boyle") and Cathy Sar (hereinafter "Ms. Sar"), collectively referred to as "Plaintiffs" herein, are residents of the State of Arizona and former employees of Defendant Hospice Family Care, Inc. (hereinafter "HFC").

2. Defendant Hospice Family Care, Inc. ("HFC") is a corporation organized under the laws of the State of Delaware, with a principal place of business in Mesa, Arizona.

1

**EXHIBIT A**

3. This Court has proper venue and jurisdiction in this matter.

4. Ms. Jones began her employment with HFC on May 14, 2009 in the position of a Case Manager and continued in that same position up until the effective date of her resignation on July 3, 2012.

5. Ms. Johnson began her employment with HFC on September 9, 2010 as a Weekend Call Nurse. She continued in that capacity until April of 2012 at which time she became a Case Manager, a position she held until the effective date of her resignation on October 15, 2012.

6. Ms. O'Boyle began her employment with HFC on July 12, 2012 as a Case Manager and continued in that position up until the effective date of her resignation on November 9, 2012.

7. Ms. Sar began her employment with HFC on August 15, 2011 as a Case Manager and continued in that position until the effective date of her resignation on October 2, 2012.

8. For each of the Plaintiffs identified above, while employed as Case Managers at Defendant, each worked a substantial amount of overtime hours throughout the terms of their respective employment.

9. As Case Managers, the individual Plaintiffs were responsible for making home nursing visits to multiple clients' homes each day, managing a caseload of 15-20 or more patients per week.

10. For a relatively uncomplicated nursing visit, it would take approximately one hour to perform the physical assessment, review

medications and order any refills, while also calling the doctor to obtain orders, instruct and educate the patient and their family. Additional documentation was necessary for each visit which would take approximately another one to two hours to complete. More complicated visits dealing with the emergent needs of patient decline, death, room care, in patient needs or other similar issues would take substantially longer as would the written documentation required.

11. Based upon the patient load given to each case manager, it was simply impossible to do all the work required during a 40 hour work week, which also would include listening to numerous voicemail messages, leaving voicemail messages, calling in to report to other nurses in the facilities, doing weekly routine assessments, as needed assessments, admissions, attending deaths, travel time, office time to pick up supplies, drop off paperwork, make faxes and copies, file paperwork, obtain doctor's orders, review patient charts, critique charting, make phone calls, correct missed documentation, attend mandatory meetings, attend mandatory education and services, attend webinars and meetings and theoretically take a prescribed lunch break.

12. Due to the demands placed upon Plaintiffs by their employer, each Plaintiff worked a substantial amount of overtime as is more specifically set forth below.

13. The overtime worked by each of the Plaintiff Case Managers was known by Defendant.

3

14. As a matter of policy and practice, Defendant would not routinely approve overtime, did not allow any overtime to be paid that was not pre-approved, and specifically instructed its employees, including Plaintiff, not to request overtime for time spent on "documentation".

15. Defendant knowingly and intentionally forced Plaintiffs to work substantial amounts of overtime and not report such overtime as part of the timekeeping done by Defendant. A minimal amount of overtime was reported and approved, while the vast majority of overtime actually worked was never paid.

16. On multiple occasions, Plaintiffs had raised with their management, concerns regarding the overtime and would be admonished for writing down overtime on their time sheets. A direct supervisor, Darlene Valencia, told Ms. Jones that "keep writing down overtime and they might just think you are too expensive of an employee to keep."

17. On December 15, 2010, in a staff meeting, it was stated that no overtime would be authorized for written documentation to be done, only for hands on patient care.

18. On March 16, 2011, during a staff meeting, it was explicitly stated that Case Managers were to finish their written documentation between the hours of 8:00 a.m. and 5:00 p.m., which management knew was impossible to do.

4

19.   During a meeting on April 20, 2011, the staff was told by Darlene Valencia that they were to write down a one hour lunch anywhere from 11:00 a.m. to 2:00 p.m. on their schedule, fill in the blanks and adjust the time reported for patient visits as needed so as to make it all fit between 8:00 a.m. and 5:00 p.m. on paper.

20.   The actions of Defendant as set forth above are in violation of the Fair Labor Standards Act (FLSA).  Such violations of the Act were intentional, pervasive and systemic.

21.   It was the policy and practice of Defendant to violate the FLSA during the entire term of each Plaintiff's employment.

22.   Based upon the intentional nature of Defendant's conduct in this matter, each Plaintiff is entitled to liquidated damages pursuant to the FLSA.

23.   Ms. Johnson worked approximately 28 weeks as a Case Manager, and during 26 of those weeks, she worked overtime hours of approximately 25 each week, totaling 650 hours for the time period in question.  During that same 26 week time span, she was paid for 70.25 hours of overtime, thereby leaving 578.5 hours of unpaid overtime due her.  Based upon Ms. Johnson's hourly rate of $30.84 per hour, and an overtime rate of $46.26 per hour, a total unpaid overtime balance of $26,772.97 is due Ms. Johnson.

24.   Ms. Johnson, prior to becoming a Case Manager, worked as an On Call Nurse from September 2010 until April 2012.  During this time she was on call for 63 hours each weekend and paid a flat hourly rate regardless of the

hours worked. During this time period, Ms. Johnson was paid a flat rate for 43.335 hours per week regardless of what she worked, with no overtime premium for those hours over 40. Additionally there were 7 weekends in total for which she was not paid at all. Based upon an average hourly rate of approximately $29.00 per hour, Ms. Johnson is due an additional $10,000.00 for unpaid wages pursuant to the FLSA.

25. During Ms. Jones entire term of employment with Defendant, she worked as a Case Manager at multiple, and increasing hourly rates over that period of time. Calculating back three years, six weeks, from the date of this complaint, Ms. Jones is owed for approximately 2,254 overtime hours at various overtime rates at $43.89 per hour up through $48.21 per hour at the time of her resignation, totaling approximately $114,000.00.

26. Ms. O'Boyle, at an hourly rate of pay of $28.00 per hour from July 12 through December 31, 2010, during which she earned overtime pay equaling $17,052.00, which was unpaid. From January 1 through October 31, 2011, Ms. O'Boyle had an hourly rate of pay of $28.84 during which she earned and was not paid approximately $39,972.00 in overtime. From November 1, 2011 until July 23, 2012, Ms. O'Boyle had an hourly rate of $30.84 during which she worked and was not paid overtime in the amount of $24,332.76.

27. Ms. Sar had an hourly rate of $28.00 per hour from August 15 through October 31, 2011 during which time she worked and was not paid for

overtime in the amount of $6,300.00. From November 1, 2011 up through the date of her resignation on October 2, 2012, Ms. Sar was paid at the rate of $30.00 per hour and worked and was not paid for overtime equaling $51,245.00.

28.   Plaintiffs entered into a tolling agreement with HFC effective for a period from January 30 through March 14, 2013.

29.   Plaintiffs are entitled to an award of attorneys' fees and costs in this matter pursuant to the FLSA.

30.   Plaintiffs hereby request a jury trial in this matter.

WHEREFORE, Plaintiffs request the following relief:

A.   All unpaid overtime as calculated pursuant to the FLSA;

B.   Liquidated damages in an amount equal to such unpaid overtime;

C.   Prejudgment interest on all unpaid amounts;

D.   Attorneys' fees and costs; and

E.   Such further relief as this Court deems appropriate.

RESPECTFULLY SUBMITTED this 16th day of May, 2013.

LAW OFFICES OF MARSHALL A. MARTIN

/s/ Marshall A. Martin
Marshall A. Martin, Esquire
8930 E. Raintree Drive, Suite 100
Scottsdale, AZ 85260
Attorney for Plaintiff

MICHAEL K. JEANES
Clerk of the Superior Court
By Sharon Szakacs, Deputy
Date 04/24/2013 Time 09:42:57
Description                    Amount
——— CASE# CV2013-050614 ———
CIVIL NEW COMPLAINT          309.00

TOTAL AMOUNT                  309.00
Receipt# 22933921

Marshall A. Martin, Esq. #010055
LAW OFFICES OF MARSHALL A. MARTIN
8930 East Raintree Drive, Suite 100
Scottsdale, AZ 85260
(480) 444-9980
Facsimile: (480) 308-0015
Email: marshall.martin@azbar.org
Attorney for Plaintiff

IN THE SUPERIOR COURT STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA.

| | |
|---|---|
| Melissa Jones, Jeanine Johnson, Kathleen O'Boyle and Cathy Sar, ) ) | |
| Plaintiffs, ) ) ) | Case No. **CV2013-050614** |
| v. ) ) | COMPLAINT (Fair Labor Standards Act) |
| Hospice Family Care, Inc., a Delaware corporation; CURO Health Services, LLC, a foreign limited liability company, Curo Healthcare Services, Inc., Nancy Turner; Nancy Smith, Jane Does 1-V, fictitiously named supervisors; Black Corporations I-III, fictitiously named corporations, ) ) ) ) ) ) ) ) ) ) | (Jury Trial Requested) |
| Defendants ) | |

Plaintiffs, by and through his undersigned counsel, hereby alleges for their Complaint as follows:

1. That Plaintiff, Jeanine Johnson (hereinafter "Ms. Johnson"), Melissa Jones (hereinafter "Ms. Jones), Kathleen O'Boyle (hereinafter "Ms. O'Boyle") and Cathy Sar (hereinafter "Ms. Sar"), collectively referred to as "Plaintiffs" herein, are residents of the State of Arizona and former employees of

1

Defendants Hospice Family Care, Inc. and Curo Health Services, LLC or Curo Healthcare Services, Inc., (hereinafter "HFC" and "Curo").

2.     Defendant Hospice Family Care, Inc. ("HFC") is a corporation organized under the laws of the State of Delaware, with a principal place of business in Mesa, Arizona.

3.     Defendant Curo Health Services, LLC is a foreign limited liability company. Defendant Curo Healthcare Services, Inc. is a foreign corporation.

4.     Black Corporations I-III are fictitiously named corporations which were the employers of Plaintiffs operating as HFC or Curo with a principal place of business in Mesa, Arizona.

5.     Jane Does I-V are fictitiously named supervisors to be identified which directly were responsible for Defendants violations of the FLSA as herein alleged.

6.     Defendant Nancy Smith, at all times material hereto, has been a resident of Wisconsin. Defendant Smith was President of HFC or related corporate entity of the same name at all times material hereto or during the vast majority of the terms of employment of the Plaintiffs in this matter, and was responsible for HFC's pay policies.

7.     Defendant Nancy Turner, at all times material hereto, has been a resident of Wisconsin.  Defendant Turner was Vice President of HFC or a related corporate entity of the same name, either at all times material hereto or

2

during the vast majority of the terms of employment of the Plaintiffs in this matter, and was responsible for HFC's pay policies.

8. This Court has proper venue and jurisdiction in this matter.

9. Ms. Jones began her employment with HFC on May 14, 2009 in the position of a Case Manager and continued in that same position up until the effective date of her resignation on July 3, 2012.

10. Ms. Johnson began her employment with HFC on September 9, 2010 as a Weekend Call Nurse. She continued in that capacity until April of 2012 at which time she became a Case Manager, a position she held until the effective date of her resignation on October 15, 2012.

11. Ms. O'Boyle began her employment with HFC on July 12, 2012 as a Case Manager and continued in that position up until the effective date of her resignation on November 9, 2012.

12. Ms. Sar began her employment with HFC on August 15, 2011 as a Case Manager and continued in that position until the effective date of her resignation on October 2, 2012.

13. In mid-2012, Defendant HFC was acquired by Defendant Curo who became responsible for HFC's personnel policies and practices.

14. For each of the Plaintiffs identified above, while employed as Case Managers at Defendant, each worked a substantial amount of overtime hours throughout the terms of their respective employment.

3

15.   As Case Managers, the individual Plaintiffs were responsible for making home nursing visits to multiple clients' homes each day, managing a caseload of 15-20 or more patients per week.

16.   For a relatively uncomplicated nursing visit, it would take approximately one hour to perform the physical assessment, review medications and order any refills, while also calling the doctor to obtain orders, instruct and educate the patient and their family.   Additional documentation was necessary for each visit which would take approximately another one to two hours to complete.   More complicated visits dealing with the emergent needs of patient decline, death, room care, in patient needs or other similar issues would take substantially longer as would the written documentation required.

17.   Based upon the patient load given to each case manager, it was simply impossible to do all the work required during a 40 hour work week, which also would include listening to numerous voicemail messages, leaving voicemail messages, calling in to report to other nurses in the facilities, doing weekly routine assessments, as needed assessments, admissions, attending deaths, travel time, office time to pick up supplies, drop off paperwork, make faxes and copies, file paperwork, obtain doctor's orders, review patient charts, critique charting, make phone calls, correct missed documentation, attend mandatory meetings, attend mandatory education and services, attend webinars and meetings and theoretically take a prescribed lunch break.

4

18.   Due to the demands placed upon Plaintiffs by their employers, including Defendant Smith and Turner, each Plaintiff worked a substantial amount of overtime as is more specifically set forth below.

19.   The overtime worked by each of the Plaintiff Case Managers was known by Defendants.

20.   As a matter of policy and practice, Defendants would not routinely approve overtime, did not allow any overtime to be paid that was not pre-approved, and specifically instructed its employees, including Plaintiff, not to request overtime for time spent on "documentation".

21.   Defendants knowingly and intentionally forced Plaintiffs to work substantial amounts of overtime and not report such overtime as part of the timekeeping done by Defendants.  A minimal amount of overtime was reported and approved, while the vast majority of overtime actually worked was never paid.

22.   On multiple occasions, Plaintiffs had raised with their management, concerns regarding the overtime and would be admonished for writing down overtime on their time sheets.  A direct supervisor, Darlene Valencia, told Ms. Jones that "keep writing down overtime and they might just think you are too expensive of an employee to keep."

23.   On December 15, 2010, in a staff meeting, it was stated that no overtime would be authorized for written documentation to be done, only for hands on patient care.

5

24.   On March 16, 2011, during a staff meeting, it was explicitly stated that Case Managers were to finish their written documentation between the hours of 8:00 a.m. and 5:00 p.m., which management knew was impossible to do.

25.   During a meeting on April 20, 2011, the staff was told by Darlene Valencia that they were to write down a one hour lunch anywhere from 11:00 a.m. to 2:00 p.m. on their schedule, fill in the blanks and adjust the time reported for patient visits as needed so as to make it all fit between 8:00 a.m. and 5:00 p.m. on paper.

26.   The actions of Defendants as set forth above are in violation of the Fair Labor Standards Act (FLSA).  Such violations of the Act were intentional, pervasive and systemic.

27.   It was the policy and practice of Defendants to violate the FLSA during the entire term of each Plaintiff's employment.

28.   Based upon the intentional nature of Defendants' conduct in this matter, each Plaintiff is entitled to liquidated damages pursuant to the FLSA.

29.   Ms. Johnson worked approximately 28 weeks as a Case Manager, and during 26 of those weeks, she worked overtime hours of approximately 25 each week, totaling 650 hours for the time period in question.  During that same 26 week time span, she was paid for 70.25 hours of overtime, thereby leaving 578.5 hours of unpaid overtime due her.  Based upon Ms. Johnson's

6

hourly rate of $30.84 per hour, and an overtime rate of $46.26 per hour, a total unpaid overtime balance of $26,772.97 is due Ms. Johnson.

30. Ms. Johnson, prior to becoming a Case Manager, worked as an On Call Nurse from September 2010 until April 2012. During this time she was on call for 63 hours each weekend and paid a flat hourly rate regardless of the hours worked. During this time period, Ms. Johnson was paid a flat rate for 43.335 hours per week regardless of what she worked, with no overtime premium for those hours over 40. Additionally there were 7 weekends in total for which she was not paid at all. Based upon an average hourly rate of approximately $29.00 per hour, Ms. Johnson is due an additional $10,000.00 for unpaid wages pursuant to the FLSA.

31. During Ms. Jones entire term of employment with Defendants, she worked as a Case Manager at multiple, and increasing hourly rates over that period of time. Calculating back three years, six weeks, from the date of this complaint, Ms. Jones is owed for approximately 2,254 overtime hours at various overtime rates at $43.89 per hour up through $48.21 per hour at the time of her resignation, totaling approximately $114,000.00.

32. Ms. O'Boyle, at an hourly rate of pay of $28.00 per hour from July 12 through December 31, 2010, during which she earned overtime pay equaling $17,052.00, which was unpaid. From January 1 through October 31, 2011, Ms. O'Boyle had an hourly rate of pay of $28.84 during which she earned and was not paid approximately $39,972.00 in overtime. From

7

November 1, 2011 until July 23, 2012, Ms. O'Boyle had an hourly rate of $30.84 during which she worked and was not paid overtime in the amount of $24,332.76.

33.   Ms. Sar had an hourly rate of $28.00 per hour from August 15 through October 31, 2011 during which time she worked and was not paid for overtime in the amount of $6,300.00.   From November 1, 2011 up through the date of her resignation on October 2, 2012, Ms. Sar was paid at the rate of $30.00 per hour and worked and was not paid for overtime equaling $51,245.00.

34.   Plaintiffs entered into a tolling agreement with HFC effective for a period from January 30 through March 14, 2013.

35.   Plaintiffs are entitled to an award of attorneys' fees and costs in this matter pursuant to the FLSA.

36.   Plaintiffs hereby request a jury trial in this matter.

WHEREFORE, Plaintiffs request the following relief:

A.   All unpaid overtime as calculated pursuant to the FLSA;

B.   Liquidated damages in an amount equal to such unpaid overtime;

C.   Prejudgment interest on all unpaid amounts;

D.   Attorneys' fees and costs; and

E.   Such further relief as this Court deems appropriate.

RESPECTFULLY SUBMITTED this 23nd day of April, 2013.

LAW OFFICES OF MARSHALL A. MARTIN

Marshall Martin

Marshall A. Martin, Esquire
8930 E. Raintree Drive, Suite 100
Scottsdale, AZ 85260
Attorney for Plaintiff

9

MICHAEL K. JEANES, CLERK
BY S. Spakacs DEP
FILED

13.APR 24   AM 9: 39

1

2  Marshall A. Martin, Esq. #010055
3  LAW OFFICES OF MARSHALL A. MARTIN
   8930 East Raintree Drive, Suite 100
4  Scottsdale, AZ 85260
5  (480) 444-9980
   Facsimile: (480) 308-0015
6  Email: marshall.martin@azbar.org
   Attorney for Plaintiff
7

8          IN THE SUPERIOR COURT STATE OF ARIZONA
              IN AND FOR THE COUNTY OF MARICOPA
9

10  Melissa Jones, Jeanine Johnson,           )       CV2013-050614
    Kathleen O'Boyle and Cathy Sar,           )
11                                            )   Case No.
                             Plaintiffs,      )
12  v.                                        )   CERTIFICATE OF
                                              )   COMPULSORY ARBITRATION
13  Hospice Family Care, Inc., a Delaware     )
14  corporation; CURO Health Services,        )
    LLC, a foreign limited liability company, )
15  Curo Healthcare Services, Inc., Nancy     )
16  Turner; Nancy Smith, Jane Does I-V,       )
    fictitiously named supervisors; Black     )
17  Corporations I-III, fictitiously named    )
18  corporations,                             )
                                              )
19                                            )
                                              )
20  _____ Defendants ____        )
21

22        Plaintiffs, Melissa Jones, Jeanine Johnson, Kathleen O'Boyle and Cathy

23  Sar, by and through their undersigned counsel, hereby certifies that the largest

24  award sought by the Complaint, including punitive damages, but excluding

25  interest, attorney's fees and costs exceeds the limits set by Local Rule for

26
    Compulsory Arbitration.  This case is not subject to Rules 72-76, A.R.C.P.
27

28

1

DATED this _23rd_ day of April, 2013.

LAW OFFICES OF MARSHALL A. MARTIN

Marshall A. Martin, Esquire
8930 E. Raintree Drive, Suite 100
Scottsdale, AZ 85260
Attorney for Plaintiff

2

In the Superior Court of the State of Arizona
In and For the County of Maricopa

Case Number _____

**CIVIL COVER SHEET- NEW FILING ONLY**

Plaintiff's Attorney: Marshall A. Martin

Attorney Bar Number: 010055

MICHAEL K. JEANES, CLERK
BY *S. Arakas* DEP
FILED

Is Interpreter Needed? ☐ Yes  ☒ No

13 APR 24  AM 9: 38

If yes, what language: _____

To the best of my knowledge, all information is true and correct.

*Marshall Martin*
**Attorney/Pro Per Signature** (If no attorney, YOUR signature)

Plaintiff's Name(s):  (List all)
Melissa Jones, Jeanine Johnson
Kathleen O'Boyle and Cathy Sar

Defendant's Name(s):  (List All)
Hospice Family Care, Inc.
Curo Health Services, LLC
Curo Healthcare Services, Inc.
Nancy Turner and Nancy Smith
Jane Does I-V, Black Corporations I-III

Plaintiff's Address:
c/o Marshall A. Martin, Esq.
8930 East Raintree Drive, Suite 100
Scottsdale, Arizona 85260

**CV2013-050614**

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order   ☐ Provisional Remedy
☐ OSC    ☐ Election Challenge   ☐ Employer Sanction   ☐ Other (Specify) _____

☒ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case"-as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.
(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

### NATURE OF ACTION
(Place an "**X**" next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☐ Wrongful Death
**TORT NON-MOTOR VEHICLE:**
☐ Negligence
☐ Product Liability – Asbestos

☐ Product Liability – Tobacco
☐ Product Liability – Toxic/Other
☐ Intentional Tort
☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional
☐ Premises Liability

1

☐ Slander/Libel/Defamation
☐ Other (Specify) _____

**MEDICAL MALPRACTICE:**
☐ Physician M.D.      ☐ Hospital
☐ Physician D.O       ☐ Other

**CONTRACTS:**
☐ Account (Open or Stated)
☐ Promissory Note
☐ Foreclosure
☐ Buyer-Plaintiff
☐ Fraud
☐ Other Contract (i.e. Breach of Contract)
☐ Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
   ☐ Six to Nineteen Structures
   ☐ Twenty or More Structures

**OTHER CIVIL CASE TYPES:**
☐ Eminent Domain/Condemnation

**OTHER CIVIL CASE TYPES : (Continued)**
☐ Eviction Actions (Forcible and Special Detainers)
☐ Change of Name
☐ Transcript of Judgment
☐ Foreign Judgment
☐ Quiet Title
☐ Forfeiture
☐ Election Challenge
☐ NCC- Employer Sanction Action (A.R.S. §23-212)
☐ Injunction against Workplace Harassment
☐ Injunction against Harassment
☐ Civil Penalty
☐ Water Rights(Not General Stream Adjudication)
☐ Real Property
☐ Sexually Violent Person (A.R.S. §36-3704)
   (Except Maricopa County)

☐ Minor Abortion (See Juvenile in Maricopa County)
☐ Special Action Against Lower Courts
   (See lower court appeal cover sheet in Maricopa)

**UNCLASSIFIED CIVIL:**
☐ Administrative Review
   (See lower court appeal cover sheet in Maricopa)
☐ Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)
☐ Declaratory Judgment
☐ Habeas Corpus
☐ Landlord Tenant Dispute- Other
☐ Restoration of Civil Rights (Federal)
☐ Clearance of Records (A.R.S. §13-4051)
☐ Declaration of Factual Innocence (A.R.S. §12-771)
☐ Declaration of Factual Improper Party Status
☐ Vulnerable Adult (A.R.S. §46-451)
☐ Tribal Judgment
☐ Structured Settlement (A.R.S. §12-2901)
☐ Attorney Conservatorships (State Bar)
☐ Unauthorized Practice of Law (State Bar)
☐ Out-of-State Deposition for Foreign Jurisdiction
☐ Secure Attendance of Prisoner
☐ Assurance of Discontinuance
☐ In-State Deposition for Foreign Jurisdiction
☐ Eminent Domain– Light Rail Only
☐ Interpleader– Automobile Only
☐ Delayed Birth Certificate (A.R.S. §36-333.03)
☐ Employment Dispute- Discrimination
☒ Employment Dispute-Other
☐ Other _____
                    (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

_____

_____

Additional Defendant(s)

_____

_____

_____

3

1   Nancy M. Leonard, AZ #020875
    CONSTANGY, BROOKS & SMITH, LLP          **EXHIBIT B**
2   2600 Grand Boulevard, Suite 750
    Kansas City, Missouri 64108
3   Telephone: (816) 472-6400
    Facsimile:  (816) 472-6401
4   nleonard@constangy.com
    Attorneys for Defendant
5

6

7                   **IN THE SUPERIOR COURT STATE OF ARIZONA**
                    **IN AND FOR THE COUNTY OF MARICOPA**
8
    **Melissa Jones; Jeanine Johnson;**              )
9   **Kathleen O'Boyle; and Cathy Sar,**             )     **Case No. CV2013-050614**
                                                     )
10               **Plaintiffs,**                     )     **DEFENDANT'S**
                                                     )     **NOTICE OF FILING OF**
11        v.                                         )     **NOTICE OF REMOVAL**
                                                     )
12   **Hospice Family Care, Inc.,**                  )
     **a Delaware corporation,**                     )
13                                                   )
                 **Defendant.**                      )
14  _____

15        In accordance with 28 U.S.C. § 1446(d), Defendant Hospice Family Care, Inc.

16  ("Defendant"), hereby provides notice that it is removing this action to the United States

17  District Court for the District of Arizona, Phoenix Division, by filing the Notice of

18  Removal enclosed herewith as Exhibit 1 with the Clerk of said federal district court.  In

19  accordance with 28 U.S.C. § 1446(d), this Court shall proceed no further with this matter

20  unless and until the case is remanded by the federal court.

21

22

23

24

25

26

27

28
                                           1            **EXHIBIT B**

Dated this 28th day of May, 2013.

                                    **CONSTANGY, BROOKS & SMITH, LLP**

                                     /s/ Nancy M. Leonard
                                    Nancy M. Leonard, AZ #020875
                                    2600 Grand Boulevard, Suite 750
                                    Kansas City, Missouri 64108
                                    Telephone: (816) 472-6400
                                    Facsimile: (816) 472-6401
                                    nleonard@constangy.com
                                    ATTORNEYS FOR DEFENDANT


### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2013, a copy of the above and foregoing NOTICE OF FILING OF NOTICE OF REMOVAL was served via U.S. Mail, first class postage prepaid, on the following:

Marshall A. Martin
LAW OFFICES OF MARSHALL A. MARTIN
8930 E. Raintree Drive, Suite 100
Scottsdale, AZ 85260
Telephone: (480) 444-9980
Facsimile: (480) 308-0015
Email: marshall@marshallmartinlaw.com

ATTORNEY FOR PLAINTIFFS


                                     /s/ Nancy M. Leonard
                                    Attorney for Defendant

2

EXHIBIT 1

1

2  Nancy M. Leonard, AZ #020875, *pro hac vice*
   CONSTANGY, BROOKS & SMITH, LLP
3  2600 Grand Boulevard, Suite 750
   Kansas City, Missouri 64108
4  Telephone: (816) 472-6400
   Facsimile:  (816) 472-6401
5  nleonard@constangy.com
   Attorneys for Defendant

6

7            **IN THE UNITED STATES DISTRICT COURT**
                     **DISTRICT OF ARIZONA**
8                     **PHOENIX DIVISION**

9  **Melissa Jones; Jeanine Johnson;**
   **Kathleen O'Boyle; and Cathy Sar,**
10                                         )
        **Plaintiffs,**                    )
11                                         )          **Case No.**
        v.                                 )
12                                         )
   **Hospice Family Care, Inc.,**          )          **NOTICE OF REMOVAL**
13 **a Delaware corporation,**             )
                                           )
14      **Defendant.**                     )
   _____        )

15

16       Without waiving any rights to which Defendant Hospice Family Care, Inc.

17 ("Defendant") may be entitled, Defendant, by and through its undersigned counsel,

18 hereby gives notice of removal of the above styled action filed by Plaintiffs Melissa

19 Jones, Jeanine Johnson, Cathy Sar and Kathleen O'Boyle (collectively "Plaintiffs") in the

20
   Superior Court of the State of Arizona, County of Maricopa, to the United States District
21
22 Court for the District of Arizona, Phoenix Division, for adjudication.  In support of the

23 removal of this action, Defendant states the following:

24       1.       On April 24, 2013, Plaintiffs commenced this action by filing a Complaint
25
   in the Superior Court of Arizona, County of Maricopa, Case No. CV2013-050614.
26
27 Thereafter, on May 16, 2013, Plaintiffs filed their Amended Complaint in this action with

28 the Superior Court of Arizona, County of Maricopa.

EXHIBIT 1

2312817.1

2.    On May 16, 2013, Plaintiffs served a copy of the Amended Complaint on Defendant, via its attorney.  In accordance with 28 U.S.C. § 1446(a), a copy of the Amended Complaint and all other process, pleadings, and orders filed with the Superior Court of the State of Arizona, County of Maricopa, are attached hereto as Exhibit A. Counsel for Defendant hereby verifies that Exhibit A is a true and complete copy of all pleadings and other documents filed in the state court proceeding.

3.    Defendant's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

4.    Plaintiffs seek relief under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for alleged unpaid wages and removal of this action is proper under 28 U.S.C. §§ 1441 and 1331 (federal question jurisdiction).  More specifically, district courts have original jurisdiction over claims and rights arising solely under the Constitution, treaties, and/or laws of the United States.

5.    Accordingly, the United States District Court for the District of Arizona has original jurisdiction over Plaintiffs' Amended Complaint because the Amended Complaint is founded on a claim or right arising solely under the laws of the United States.  28 U.S.C. § 1331; 28 U.S.C. § 1441. *See also* Plaintiffs' Amended Complaint, at ¶¶ 20-27, 29.  Removal to this Court is therefore appropriate.

6.    Venue is properly placed in the United States District Court for the District of Arizona, Phoenix Division, because it is the district court for the district within which the state court lawsuit is pending in accordance with 28 U.S.C. § 1441(a).

2

7.    In addition to filing this Notice of Removal in the office of the Clerk for the United States District Court for the District of Arizona, Phoenix Division, Defendant, through its undersigned counsel certifies that it has given notice of the removal to the Superior Court of the State of Arizona, County of Maricopa (Exhibit B), and to Plaintiffs as required by 28 U.S.C. § 1446(d) to effect the removal.

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the State of Arizona, County of Maricopa, to the United States District Court for the District of Arizona, Phoenix Division.

Dated this 28th day of May, 2013.

**CONSTANGY, BROOKS & SMITH, LLP**

_____

Nancy M. Leonard, AZ #020875, *pro hac vice*
2600 Grand Boulevard, Suite 750
Kansas City, Missouri 64108
Telephone: (816) 472-6400
Facsimile: (816) 472-6401
nleonard@constangy.com
ATTORNEYS FOR DEFENDANT

2312817.1

3

1
2
**CERTIFICATE OF SERVICE**
3
    I hereby certify that on this 28th day of May, 2013, a copy of the above and
4
foregoing NOTICE OF REMOVAL was served by U.S. Mail, postage prepaid, on the
5
6
following:
7
    Marshall A. Martin
    LAW OFFICES OF MARSHALL A. MARTIN
8
    8930 E. Raintree Drive, Suite 100
    Scottsdale, AZ  85260
9
    Telephone: (480) 444-9980
    Facsimile:  (480) 308-0015
10
    Email: marshall@marshallmartinlaw.com
    ATTORNEY FOR PLAINTIFFS
11
12
13                                    _____
                                      Attorney for Defendant
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2312817.1

4

 **Turbo Court**

Timeout in 19 min User: nl9163    **you are working with form set # 839498**    🏠 Home  👤 Your Profile  ⚙ Quit  ℹ Support

## Filing Details

🔍 Add Keyword/Matter #    ✉ Change My Notification Status    ⊟ Request My Forms    ⚙ Copy for New Form Set    ⚙ List My Forms

| | | | |
|---|---|---|---|
| **Filing Details** | Form Set # ℹ | 839498 | |
| **Messages** | Keyword/Matter # ℹ | | Case # ℹ | CV2013-050614 |
| | Filing Type | General Civil - Superior Court | Status ℹ | Delivered |
| **Your Payments** | Customer Name | Nancy M Leonard | Location | Maricopa / Superior Court |
| | Delivery Date & Time | 05/28/2013 11:33 AM MST | Customer Email | nleonard@constangy.com |
| | Notification Status | Email notification with filing/case details shown in the body of the email, plus a link to the website | Filing Date & Time | |

Your filing was successfully completed and delivered. You will be notified when your forms have been accepted. Then a case number will be assigned and a stamped and endorsed copy will be ready for you to print.

### Your Forms                                                                                    ℹ info

✓ Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal    📄 View
records only.)

### Attached Documents                                                                          ℹ info

Notice of Removal to Federal Court: Defendant's Notice of Filing of Notice of Removal    📄 View

⌐ Exhibit/Attachment (Supporting): Exhibit 1 - Notice of Removal    📄 View

ver. 10.8.1

Copyright © 2013 Intresys, Inc.